JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHARE THE LOVE MINISTRIES

## DEFENDANTS
RANCH HOPE, INC.

**(b)** County of Residence of First Listed Plaintiff: **BURLINGTON**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **SALEM**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Winston Law Firm, 6 Shamrock Road, Lumberton, NJ 08048
(609) 261-5900

Attorneys *(If Known)*
Donald L. Masten, Esq., 254 S. Broadway
Pennsville, NJ 08070   (856) 678-4777

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Sec. 1331; Civil Rights of 1866; and 42 U.S.C Sec. 1982; 15 USCA Sec. 1703 et seq.

Brief description of cause:
Unlawful leasing of property subject to federal law and consumer fraud; and Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Renee Marie Bumb
DOCKET NUMBER: 13-4342

DATE: 07/24/2013
SIGNATURE OF ATTORNEY OF RECORD: *[signature] David H. Winston, Esq.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARE THE LOVE MINISTRIES : | |
| Plaintiff : | Civil No. |
| v. : | |
| RANCH HOPE, INC : | |
| LEARNING DISABILITIES SOCIETY, INC. : | |
| REV. DAVID L. BAILEY, SR. : | |
| DAVID L. BAILEY, JR. : | |
| Defendants. : | |

## PLAINTIFF SHARE THE LOVE MINISTRIES' CIVIL ACTION

AND NOW, Plaintiff Share the Love Ministries ("STLM"), through its undersigned counsel files the foregoing complaint against Ranch Hope, Inc., Learning Disabilities Society, Inc. ("LDS") Rev. David L. Bailey, Sr. and David L. Bailey, Jr.

## I. INTRODUCTION

1. Plaintiff STLM claims a sum in excess of $200,000 in damages based on the defendants' actions.

2. This action for monetary damages and other appropriate relief is brought by Plaintiff STLM to redress violations of its rights under federal law by the adverse parties.

3. The U.S. Department of Education placed specific restrictions on the subject land pursuant to Federal Property and Administrative Services Act of 1929 as amended.

4. The deed restrictions further "prohibit the sale, lease, **rent**, mortgage, transfer of interests or encumbrance of the property…" for 30 months commencing on July 1, 2008.

5. The defendants represented that they had the authority to rent the land to STLM.

6. The defendants led STLM to believe that the property would be available for sale in 2011 for $200,000.

7. Unbeknownst to STLM, defendants were listing the activities of STLM to the Federal Real Estate Assistance Program as their own to be in compliance with the restrictions governing the property where STLM is located.

8. Despite prior representations, defendants kept changing the sales price of the property.

9. During preliminary negotiations, all parties agreed to role in the outstanding "rent" into the mortgage during the pending sale of the property, while STLM continued to maintain the upkeep of the property.

10. In a private meeting, Mr. David L. Bailey, Jr., a representative of LDS and the defendants said "I will never sell to those guys".

11. STLM is a predominately black organization that provides charitable services to its local African American community.

12. Defendants' conduct is subject to the Civil Rights Act of 1866 as amended and 42 USC Sec. 1982.

13. Defendants' unlawful leasing or renting of said property is in violation of federal and state consumer fraud laws.

## II. JURISDICTION, VENUE, AND PARTIES

14. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provides for the original jurisdiction of STLM'S claims arising under the laws of the United States of America. Further, this court has supplemental jurisdiction over related state claims.

15. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

16. Plaintiff, STLM is a not-for-profit organization headed by Pastor and Assistant Pastor Jimmy and Simone Williams located at 111 Municipal Drive, Lumberton, NJ 08048.

17. Defendant Ranch Hope, Inc. is a not-for-profit organization founded by Rev. David L. Bailey, Sr. located at 45 Sawmill Road, Alloway, NJ 08001.

18. Defendant LDS is a not-for-profit organized under the laws of the State of New Jersey with its principal place of business at Newbolds Corner Road, Lumberton, NJ 08048.

19. Defendant, Rev. David L. Bailey, Sr. is a citizen of the State of New Jersey and upon information and belief, resides at 157 Woodstown Alloway Road, Woodstown, NJ 08098.

20. Defendant, David L. Bailey, Jr. is an officer of both LDS and Ranch Hope, Inc., who is a citizen of the State of New Jersey and upon information and belief, resides at 157 Woodstown Alloway Road, Woodstown, NJ 08098.

## III. BRIEF FACTS

21. STLM is a predominately black organization that is an agency of the Food Bank

3

of South Jersey and provides community services by serving a congregation with religious, educational, recreational, and community-centered services to underrepresented communities.

22. In 2009, STLM sought to lease property, Block 19 Lot 17A formerly known as Nike Battery 23/25 with 5.477 acres from LDS for a sum of $2,000 per month; and an option to purchase said land in a three year period.

23. Recently, STLM discovered through writing the Federal Government that the defendants were not permitted to lease the property used and occupied by STLM.

24. The defendants collectively concealed this prohibition from STLM, despite demanding and receiving monthly payments in accordance with their verbal agreement.

25. Defendants deceived STLM and allowed STLM to make significant repairs to the property including but not limited to the addition of a state-of-the art music and recording studio.

26. When the purported rental agreement was first effected, STLM expressed an interest in purchasing the property, and Defendants proposed a potential sale at the end of the three (3) year rental agreement.

27. Throughout the pendency of its purported leasehold, defendants engaged in discussions and negotiations for the sale of the property occupied by STLM. These discussions included a firm offer price for sale of the property, as well as concessions and compromises regarding necessary environmental and remediation efforts at the site.

28. STLM made payments according to the purported lease for several years before engaging in sale negotiations with the Board of Directors for LDS.

29. LDS, by and through its board, negotiated with STLM for the sale of the property for approximately $250,000.

30. As these negotiations progressed, and STLM prepared to execute the contract for sale, STLM discovered additional environmental remediation needs previously concealed by Learning Disabilities, and communicated such.

31. In light of these discoveries, Learning Disabilities and STLM negotiated a sale price of approximately $200,000.

32. Shortly thereafter, due to internal conflicts regarding the sale of the property to STLM, a predominately African-American organization, the defendants refused to sell to STLM and disbanded the original LDS board that had recommended the sale to STLM.

33. At one point, defendants turned off the air conditioning to the property when they knew African American children were still using the facilities at STLM.

34. After appointing new members, LDS and the defendants, by and through its recently-appointed Board of Directors, rescinded the negotiated sale price of approximately $200,000, and refused to sell the property to STLM.

35. The defendants went further to demand that the sale price increase almost 100%, demanding a price of nearly $400,000.

36. The astronomical increase in price, intended to make the sale impracticable for STLM, was propounded by the newly-appointed, entirely Caucasian, Board of Directors, in attempts to thwart the sale to this predominately African-American organization.

## COUNT I
### Violations of The Civil Rights Act of 1866, and 42 U.S.C. § 1982
<u>SHARE THE LOVE MINISTRIES vs. ALL DEFENDANTS</u>

37. STLM incorporates by reference all of the facts above including the allegations alleged in paragraphs (1) one through (36) thirty six above as if same were fully set forth at length herein.

38. STLM and defendants entered contractual negotiations for the sale of a parcel of land occupied by STLM and owned by LDS for the price of approximately $200,000.

39. After those negotiations neared completion, defendants, unhappy with the proposed sale of the property to an organization comprised almost entirely of African Americans, abruptly ended negotiations, disbanded the Board of Directors of LDS effectuating the sale, and discontinued all good-faith negotiations for the sale of the property.

40. Defendants disbanded the LDS Board and replaced it with a group of Caucasian persons who refused to effect the sale as contemplated by the prior Board, which STLM relied upon in good faith.

41. Defendants violated the Civil Rights Act of 1866 in disbanding the Board previously entrenched in negotiations and sale of the property to STLM and replacing said Board with an entirely Caucasian Board which in turn refused to sell the property to STLM based on race.

42. Defendants took direct measures to compel STLM to retreat from the property, including but not limited to, shutting off power and air conditioning during a hot summer day as STLM held one of its many community-enrichment programs for children.

43. Defendants are familiar with STLM's community initiatives, demographics and programming, intentionally refused to treat STLM fairly and abide by the negotiations for sale of said property in good-faith, in violation of the pronouncement of 42 U.S.C. § 1982.

**WHEREFORE**, STLM requests that this Court find and determine, after trial by jury as appropriate, that STLM suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct, and award the following relief, as appropriate: compensatory damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### COUNT II
### Unjust Enrichment
### SHARE THE LOVE MINISTRIES vs. ALL DEFENDANTS

44. STLM incorporates by reference all of the facts above including the allegations alleged in paragraphs (1) one through (43) forty three above as if same were fully set forth at length herein.

45. Defendants acquired the subject property from the federal government independent of paying any financial compensation to the U.S. Government.

46. The subject land contained therein a covenant which prohibits the sale, transfer, lease or other encumbrance on the property for a period of approximately thirty three (33) years commencing from approximately 1977.

47. Defendants attempted to enter into a rental agreement with STLM at a time when they were prohibited from do so according to regulations promulgated by The U.S. Department of Education.

48. Defendants knowingly and fraudulently demanded and accepted rental payments in the amount of $2,000 per month for more than two (2) years, in contravention to the covenants of the land.

49. Defendants knowing and unlawful demand for payments from STLM, and STLM expended thousands of dollars improperly paid monies for the benefit of the defendants and to the detriment to STLM.

50. By and through the retention of these funds and the demand for more, notwithstanding a covenant prohibiting such, Defendants were unjustly enriched to the great injury and loss to STLM.

**WHEREFORE**, STLM requests that this Court find and determine, after trial by jury as appropriate, that STLM suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct, and award the following relief, as appropriate: compensatory damages, prejudgment interest, attorneys' fees and costs and such other legal and equitable relief as the Court deems just and proper.

**COUNT III**
**15 U.S.C.A. § 1703 et seq.**
SHARE THE LOVE MINISTRIES vs. ALL DEFENDANTS

51. STLM incorporates by reference all of the facts above including the allegations alleged in paragraphs (1) one through (50) fifty above as if same were fully set forth at length herein.

52. Defendants, by and through their agents and directors, engaged in improper and unlawful practices, including but not limited to:

    a. material misrepresentations regarding the restrictions and use of the subject property;

8

b. material misrepresentations regarding the intent to sell the subject property to STLM;

c. material misrepresentations about the environmental and remediation status of the subject property;

d. unlawful and/or improper demand of rental payments specifically prohibited by the covenants of the land;

e. bad-faith negotiations for the sale of the subject premises;

53. As a direct result of defendants' improper and unlawful practices pursuant to 15 U.S.C.A. §1703 et seq., STLM suffered and continues to suffer losses including, but not limited to, compromise and disintegration of their community-centered programming, uncertainty about their future and potential for lost investments upwards of thousands of dollars made in upgrades to the property pursuant to STLM's plan to purchase the subject land and defendants' purported intent to sell the property.

**WHEREFORE**, STLM requests that this Court find and determine, after trial by jury as appropriate, that STLM suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct, and award the following relief, as appropriate: compensatory damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT IV**
**NJ Consumer Fraud Statute/ N.J.S.A. 56:8-19 et seq.**
<u>SHARE THE LOVE MINISTRIES vs. ALL DEFENDANTS</u>

54. STLM incorporates by reference all of the facts above including the allegations alleged in paragraphs (1) one through (53) fifty three above as if same were fully set forth at length herein.

55. Defendants, by and through their agents and directors, engaged in improper and unlawful practices, including but not limited to:

   a. material misrepresentations regarding the restrictions and use of the subject property;

   b. material misrepresentations regarding the intent to sell the subject property to STLM;

   c. material misrepresentations about the environmental and remediation status of the subject property;

   d. unlawful and/or improper demand of rental payments specifically prohibited by the covenants of the land;

   e. bad-faith negotiations for the sale of the subject premises;

56. As a direct result of defendants' improper and unlawful practices pursuant to N.J.S.A. 56:8-19 et seq., STLM suffered and continues to suffer losses including, but not limited to, compromise and disintegration of their community-centered programming, uncertainty about their future and potential for lost investments upwards of thousands of dollars made in upgrades to the property pursuant to STLM's plan to purchase the subject land and defendants' purported intent to sell the property.

**WHEREFORE**, STLM requests that this Court find and determine, after trial by jury as appropriate, that STLM suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct, and award the following relief, as appropriate: compensatory damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **JURY DEMAND**

PURSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.

        Respectfully submitted,

        **WINSTON LAW FIRM, LLC**

By:   /s/ Daryl Winston
        Daryl W. Winston, Esquire
        6 Shamrock Road
        Lumberton, NJ  08048
        Phone (609) 261-5900/ Fax (609) 261-5947
        Email:  dwinston@winslaw.com

        *Attorney for Plaintiff*
        *Share The Love Ministries*

Date:  July 24, 2013